JAP:DAL



M-11-147

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JUAN ANTONIO LOPEZ-PICHARDO,

              Defendant.

- - - - - - - - - - - - - - - - -X

<u>C O M P L A I N T</u>

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

       JAMES HOLT, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

       Upon information and belief, on or about February 9, 2011, within the Eastern District of New York and elsewhere, defendant JUAN ANTONIO LOPEZ-PICHARDO did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

       (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about February 9, 2011, JUAN ANTONIO LOPEZ-PICHARDO arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, aboard Jet Blue Airlines Flight 840 from Santiago, Dominican Republic.

2. The defendant was selected for a Customs and Border Protection ("CBP") examination. The defendant presented one black Samsonite suitcase and one carry-on suitcase. The defendant answered in the affirmative when asked if the bags and their contents belonged to him.

3. During an inspection of the defendant JUAN ANTONIO LOPEZ-PICHARDO's black Samsonite suitcase bag, a CBP officer noticed unusually thick sides to the suitcase. Upon probing the sides of the suitcase a CBP officer discovered a white powdery substance which field-tested positive for the presence of cocaine.

4. The CBP officer also discovered packages containing a white powdery substance within the false sides of the suitcase. That substance also field-tested positive for the presence of cocaine.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

5. The total approximate gross weight of the cocaine found in the defendant's bag is approximately 5,682 grams.

WHEREFORE, your deponent respectfully requests that defendant JUAN ANTONIO LOPEZ-PICHARDO be dealt with according to law.

_____
James Holt
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
10th day of February, 2011

;E